**The document below is hereby signed.**

**Dated: October 3, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
BUTLER INNOVATIVE SOLUTIONS,     )   Case No. 08-00065
                                 )   (Chapter 7)
              Debtor.            )
_____  )
                                 )
WILLIAM DOUGLAS WHITE,           )
Trustee,                         )
                                 )
              Plaintiff,         )
                                 )
         v.                      )   Adversary Proceeding No.
                                 )   10-10014
JENNENE PUGH,                    )
                                 )   Not for publication in
              Defendant.         )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE MOTION FOR DEFAULT JUDGMENT

The defendant has not responded to the complaint.  If the proceeding were contested, the court might constitutionally be restricted to entering proposed findings of fact and conclusions of law for consideration by the district court.  *Stern v. Marshall*, 131 S.Ct. 2594 (2011).  Nevertheless, the proceeding is a core proceeding, and thus the bankruptcy court statutorily is authorized to enter a final order.  The plaintiff does not seek punitive damages or other relief beyond recovering the amounts

the defendant took from the debtor, a sum certain.  The only task is that of entering a default judgment, and the motion does not present any circumstances in which the court would be required to make findings of fact or exercise discretion (being presented instead with a task that presents only a question of law).  The bankruptcy court's judgment will be fully subject to de novo review by way of appeal as it involves only a question of law. Accordingly, it makes little difference whether this court enters a default judgment or instead sends proposed conclusions of law to the district court recommending that it enter a default judgment.  Either way, there will be de novo review.  In that circumstance, Article III of the Constitution will not be offended by this court's entering a default judgment.

   Moreover, the amount sought by the trustee is for a sum certain, and the entry of default judgment is a ministerial task.  See Fed. R. Civ. P. 55(b)(1) (permitting the clerk to enter a default judgment when the plaintiff's claim is for a sum certain or a sum that can be made certain by computation).  If the clerk of the district court could enter a default judgment, it makes sense that the bankruptcy court ought to be allowed to enter the default judgment.  Although in seeking a recovery under 11 U.S.C. § 550(a) the plaintiff must as a predicate avoid the transfers to the defendant under an avoidance power, the right to avoid the transfers can be viewed as merely an element of the right to recovery under § 550(a), analogous to some element of a common

law claim on which the district court clerk could enter a default judgment under Rule 55(b)(1).  Because the task is largely ministerial, there is no infringement on Article III of the Constitution if the bankruptcy court enters the default judgment.

Under Count I, for the theft and conversion of monies belonging to the debtor, Butler Innovative Solutions, the plaintiff is entitled to recover the amount of $727,009.86. Under Counts III and IV, the transfers of the debtor's monies to or for the benefit of the defendant are avoided pursuant to 11 U.S.C. 548 and D.C. Code 28-3101, *et. seq.*, in the amount of $727,009.86, and under 11 U.S.C. 550(a), the plaintiff may recover the amount of $727,009.86 from the defendant on this alternative basis.  The judgment should be credited and reduced by the amount of any payments made by the defendant pursuant to the criminal restitution, those amounts totaling $375.00 as of the date of the plaintiff's motion.  Accordingly, the plaintiff is entitled to recover $726,634.86.  The plaintiff seeks, and is entitled to recover, costs of suit against the defendant in the amount of $250 for the filing fee.

Paragraph B of the plaintiff's proposed judgment provides:

B.    Under Counts III and IV the transfers of the Debtor's monies to or for the benefit of the Defendant are avoided pursuant to 11 U.S.C. 548 and D.C. Code 28-3101 et. seq. in the amount of $727,009.86, and under 11 U.S.C. 550(a), Plaintiff may recover the amount of $727,009.86 (1) from the Defendant and (2) from any entity for whose benefit the avoided transfers were made subject to the requirements of Section 550(f)[.]

Two modifications will be made.

- Paragraph B awards $727,009.86 as does paragraph A (on a different theory).  The default judgment should be modified simply to award $727,009.86 (less the $325 credit and plus $250 in costs) without reciting the basis upon which judgment is being entered other than to refer to this decision.

- The only defendant is Ms. Pugh, so it is not appropriate to state that the $727,009.86 is recoverable "(2) from any entity for whose benefit the avoided transfers were made subject to the requirements of Section 550(f)[.]"

A default judgment follows.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.